JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-2360 JGB (SPx)** | Date | January 27, 2021 |
| Title | *Luis Licea v. Audible, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order DISMISSING Plaintiff's Complaint (Dkt. No. 1)

Before the Court is a Motion to Compel Arbitration filed by Defendant Audible, Inc. ("Audible"). ("Motion," Dkt. No. 20.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DISMISSES the Complaint (Dkt. No. 1) for lack of subject matter jurisdiction and DENIES the Motion as moot.

## I.   PROCEDURAL BACKGROUND

On November 12, 2020, Plaintiff Luis Licea ("Plaintiff") filed a Complaint against Defendant, alleging four causes of action: 1) failure to present automatic renew offer terms clearly and conspicuously, in violation of Cal. Bus. & Prof. Code § 14602(a)(I); 2) failure to obtain consumer's affirmative consent before subscription charges are imposed, in violation of Cal. Bus. & Prof. Code §§ 17602(a)(2) and 17603; 3) failure to provide acknowledgement with automatic renewal terms and information regarding cancellation policy, in violation of Cal. Bus. & Prof. Code § 17602(a)(3); and 4) violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq. (See Complaint.)

On December 24, 2020, Defendant moved to compel arbitration. (See Motion.) Plaintiff opposed on January 11, 2021. ("Opposition," Dkt. No. 21.) Defendant replied in support of its Motion on January 18, 2021. ("Reply," Dkt. No. 22.)

## II.  FACTUAL BACKGROUND

The Complaint alleges the following facts.  Plaintiff is a California consumer who accepted an offer from Defendant, a Delaware audiobook corporation, for a free trial month.  (Complaint ¶¶ 1, 3.)  Defendant failed to present the automatic renewal terms and other terms required by law clearly.  (Id. ¶¶ 2, 18-20.)  Defendant fills in the picture:[1] Plaintiff signed up for a one-month free trial on June 2, 2020; cancelled 32 days later; and was charged $14.95.  (Motion at 2, 8.)  Plaintiff pleads no other damages.

## III.  LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  "The district courts ... have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states."  28 U.S.C. § 1332(a).  Generally, the amount in controversy claimed by a plaintiff in good faith will be determinative of the jurisdictional amount, unless it appears to a legal certainty that the value of the claim is less than $75,000.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89, (1938).  When the complaint does not demand an exact amount, the amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.  See Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  Thus, the Court must address any jurisdiction questions first, before reaching the merits of the Motion.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

## IV.  DISCUSSION

Plaintiff has not alleged an amount in controversy sufficient for federal court jurisdiction.  Plaintiff argues that together, attorneys' fees and damages are likely to top $75,000.  (Opposition at 3.)  But the Court is at a loss to understand how a dispute over $15 is likely to require $74,985.06 in attorneys' fees.  At a rate of $500/hour, that would require 150 hours of work.  Plaintiff cites Kissel v. Code 42 Software Inc., No. 815CV01936JLSKES, 2018 WL 6113078, at *4-5 (C.D. Cal. Feb. 20, 2018) as an example of a case where counsel bringing very similar factual and legal claims netted a six-figure attorneys' fee.  But Kissel was a class action; it is understandable, therefore, that it required 159.5 hours of work.  Id.  Where Plaintiff has not

---

[1] In determining jurisdiction, a court may consider evidence beyond the complaint.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2003).

brought a class action, the attorneys' fees are likely to be much lower. The Court therefore DISMISSES the Complaint for lack of subject matter jurisdiction.

## V. CONCLUSION

For the reasons above, the Court DISMISSES Plaintiff's Complaint. The Clerk is directed to close the case.

**IT IS SO ORDERED.**